FILED
MAR 1 9 2008
3-19-2008
Judge Blanche M. Manning
United Stat... Court

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 73 CR 127 |
| v. | ) | |
| | ) | Judge Blanche M. Manning |
| PHILLIP GERALD WEST | ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S EMERGENCY PETITION TO EXPUNGE ARREST PHOTO AND FINGERPRINTS AND SEAL COURT RECORDS

The UNITED STATES OF AMERICA, by PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully submits its response to defendant PHILLIP GERALD WEST's emergency petition to expunge his arrest photo and fingerprints and to seal his court records.

### BACKGROUND

On November 28, 1972, a federal grand jury sitting in the Western District of Missouri returned an indictment against West, charging him with transporting a stolen vehicle in interstate commerce, in violation of 18 U.S.C. § 2312. West consented to transfer the case to the Northern District of Illinois for plea and sentence on February 6, 1973. On March 28, 1973, West pleaded guilty as charged in the indictment, his sentence was suspended, and he was placed on probation for eighteen months, pursuant to the Federal Youth Corrections Act, 18 U.S.C. § 5010(a).

The district court granted West early termination of his probation on July 29, 1974, ordering that his judgment of conviction be set aside pursuant to 18 U.S.C. § 5021(b). The district court also issued a Certificate of Vacation of Conviction, which stated that West's judgment of conviction had been set aside pursuant to the provisions

of 18 U.S.C. § 5021(b).

Now before the court is West's emergency petition for an order directing the FBI to expunge his arrest photo and fingerprints from its files and directing the Clerk of the Court to correct its records to show that the defendant's conviction has been set aside or, in the alternative, to seal his file. In his petition, West asserts that "[t]he Youth Offender Statute provides in part, that the defendant's arrest photo and fingerprints be removed from FBI files upon successful completion of defendant's probation and that the District Court Clerk should reflect that his conviction has been set aside." Petition at ¶ 5. Contrary to this assertion, the Federal Youth Corrections Act, formerly codified at 18 U.S.C. §§ 5005 *et seq.*, does not authorize the expungement or sealing of records of arrest or conviction. The government therefore asks that the court deny West's petition.[1]

## ARGUMENT

### I. The Federal Youth Corrections Act

The Federal Youth Corrections Act ("YCA"), which was repealed in 1984, "was designed as a sentencing alternative whereby youthful offenders showing promise of becoming useful citizens would be provided with a program of treatment aimed at rehabilitating them and restoring normal behavioral patterns." *United States v. McMains*, 540 F.3d 387, 388 (8th Cir. 1976) (*citing Dorszynski v. United States*, 418

---

[1] To the extent that the court records do not show that West's conviction was set aside by failing to include the certificate of vacation of conviction or order of discharge from probation, the government has no objection to their correction. It is unclear to the government what, if any, further relief West is seeking in this regard.

U.S. 424, 432-34 (1974)). The YCA "gave the trial judge discretion in unconditionally discharging the convicted youth offender from probation prior to the expiration of the maximum term of probation." *United States v. Gardner*, 860 F.2d 1391, 1399 (7th Cir. 1988) (holding that prior conviction for offense of a similar nature that had been set aside under the YCA was properly considered in sentencing defendant). It also allowed the judge to set-aside the conviction of a youth offender who successfully completed his or her treatment program or probation and to issue the offender a certificate to that effect. *See* 18 U.S.C. §§ 5021(a) and (b). Specifically, 18 U.S.C. § 5021 provided:

> (a) Upon the unconditional discharge by the division of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the division shall issue to the youth offender a certificate to that effect.
>
> (b) Where a youth offender has been placed on probation by the court, the court may thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

*McMains*, 540 F.3d at 388 (*quoting* 18 U.S.C. §§ 5021(a) and (b)).

Nothing in the YCA allowed for the expungement or sealing of the records of arrest or conviction, and, with few exceptions, courts have denied requests for the expungement of such records that were raised pursuant to the YCA. *See, e.g., United States v. Ashburn*, 20 F.3d 1336, 1343 (5th Cir. 1994) (holding that the "set aside" provision of the YCA should not be interpreted as an expungement under § 4A1.2(j) in calculating a defendant's criminal history category); *United States v. Hovsepian*, 307

3

F.3d 922, 930 (9th Cir. 2002) (reversing district court's expungement order pursuant to the YCA); *McMains*, 540 F.2d at 389 (holding that the YCA d[id] not authorize the expungement of a record of conviction that has been set aside under the Act); *United States v. Doe*, 556 F.2d 391, 392 (6th Cir. 1977) (YCA "contain[ed] no provision for expungement of the record of conviction after it has been set aside and the certificate required by Section 5021(b) has been issued"); *United States v. Doe*, 732 F.2d 229, 232 (1st Cir. 1984) (concluding that YCA did not authorize expungement or the segregation and sealing of record of conviction that had been set aside pursuant to § 5021); *but see United States v. Doe*, 980 F.2d 876, 883-84 (3d Cir. 1992) (holding that the YCA provided for complete expungement); *Doe v. Webster*, 606 F.2d 1226, 1232-37 (D.C. Cir. 1979) (affirming district court's dismissal of action to compel expungement of arrest records pursuant to the YCA but reversing with respect to the record of conviction).

Although courts have reached different conclusions as to whether the YCA authorized the expungement of records of arrest and conviction, the more persuasive reasoning is found in those decisions declining to find that the YCA authorized expungement. In *McMains*, the Eighth Circuit explored the divergent viewpoints offered by the courts and commentators, ultimately concluding that the YCA did not authorize expungement of the record of a conviction that had been set aside pursuant to § 5021. 540 F.2d at 389. The court reasoned that the language of the statute did not plainly provide for record expungement and that "had Congress intended to authorize expunction, it would have manifested that intent with far greater clarity" as it had

4

done on other occasions. *Id.* (*citing* 21 U.S.C. § 844(b)(2)). Additionally, the certificate that the court issued upon the setting aside of the conviction would have been unnecessary if the statute provided for expungement. Further, the court reasoned, "it would be incongruous to infer a statutory right to expunge a conviction when there is no statutory right, in most cases, to expunge the record of an arrest that does not result in a prosecution." *Id.* This reasoning is equally applicable here.

The Third Circuit subsequently reached a different conclusion in *United States v. Doe*, finding that "set-aside," as used in the YCA, was ambiguous and that the legislative history evidenced the concern of its drafters that "a youth, sentenced under the FYCA, receive a new start and that the criminal record not impede his or her development as a productive member of society." 980 F.2d at 881. The court reasoned that the rehabilitative purposes of the statute were best served by an expungement of the youth's criminal record, *id.*, and believed that Congress had "intended the Act to be read liberally, not parsed literally." *Id.* at 882. Finding persuasive the D.C. Circuit's reasoning in *Doe v. Webster*, 606 F.2d 1226, 1244 (D.C. Cir. 1979), the court held "that when Congress empowered the district court to 'set aside' a youthful offender's conviction, it meant a complete expungement. . . ."

Since the Third Circuit's decision, however, numerous courts have followed the language of the statute, concluding that the YCA did not authorize expungement, and declined to impose the Third Circuit's belief as to what Congress meant to have said. *See, e.g., Gass v. United States*, 109 F.3d 677 (11th Cir. 1997) (finding that defendant

5

was not entitled to an expungement of his prior convictions that had been set aside under the YCA and that the district court properly relied on his prior sentence and conviction to increase his criminal history score); *Housepian*, 307 F.3d at 930 (reversing district court's order expunging the defendants' conviction records under the YCA). These courts have generally agreed that § 5021(a)'s "set aside" provision "is not an expungement in the sense of obliterating or even segregating and sealing the records of conviction." *Ashburn*, 20 F.3d at 1343. *See also United States v. Doe*, 36 F. Supp. 2d 143 (S.D.N.Y. 1999) (holding that YCA did not require expungement of records of a conviction that had been set aside ); *United States v. Stehling*, 825 F. Supp. 220, 221 (E.D. Wis. 1993) (denying request for expungement of conviction record pursuant to the YCA).

The Seventh Circuit has not directly considered whether the YCA permitted expungement of records of arrest or conviction. In *Lawary v. United States*, 599 F.2d 218, 224 (7th Cir. 1979), the court explained in *dicta* that the possibility that the youth offender's conviction may be set aside was one of the most significant benefits of the YCA. *Id.* The court continued: "This allows the rehabilitated offender to start again with a clean slate. If rehabilitation is not a possibility, then such expungement is not appropriate." *Id.* More recently, however, in *United States v. Gardner*, the court stated that "although YCA allows a judge to set aside a conviction it does not allow for the expungement of a court *record* of a trial and conviction." 860 F.2d at 1399 (emphasis in original) (citing *Doe*, 556 F.2d at 391; *McMains*, 540 F.2d at 389; *United States v.*

*Klusman*, 607 F.2d 1331, 1334 (10th Cir. 1979)). As a result, "[t]he court record remains available for a trial court to consider when sentencing a defendant for a subsequent conviction." *Id.* (*citing United States v. Campbell*, 724 F.2d 812, 812-13 (9th Cir. 1984).

Implicit in *Gardner* is a recognition that the YCA did not authorize the expungement of records of arrest or conviction -- a district court would be unable to consider a prior conviction at sentencing, as *Gardner* permits, if the record of that conviction had been expunged. Following *Gardner* and the decisions of the First Circuit, Fifth Circuit, Sixth Circuit, Eighth Circuit, Ninth Circuit, and Eleventh Circuit, it is evident that the YCA did not authorize the expungement or sealing of records of arrest or conviction. West already received the benefit authorized by the YCA: the certificate of vacation of conviction, entered by the court on July 29, 1974. He is not entitled to any further relief. Accordingly, West's emergency petition should be denied.

## II. The Court's Inherent Authority

Although not raised as a basis for West's emergency petition, to the extent that the court is inclined to consider using its inherent authority to expunge West's record of arrest or conviction, the government submits that this is not an appropriate case.

Federal courts may have the inherent power to expunge criminal records when necessary to preserve basic legal rights. *See McMains*, 540 F.2d at 389-90 (citations omitted); *but see United States v. Janik*, 804 F. Supp. 1065, 1066 (N.D. Ill. 1992)

(commenting that no statute authorizes expunction of criminal records and finding that it was without jurisdiction to consider motion to direct the executive branch to expunge its records). This is a narrow power, however, that is "usually exercised in cases of illegal prosecution or acquittals and is not to be routinely used." *McMains*, 540 F.2d at 390 (holding that the case presented no extraordinary circumstances warranting the expunction of the defendant's records). *See also Stehling*, 825 F. Supp. at 221 (same); *Doe*, 36 F. Supp. 2d at 144 (declining to exercise the court's inherent power to expunge record). "Having no other criminal record is not considered an extraordinary circumstance. . . . Leading an exemplary life is not enough to grant expungement." *Janik*, 804 F. Supp. at 1067 (internal citation omitted).

West has not offered to the court any extraordinary circumstances that would justify the court's use of its inherent power, nor does he present an instance of an illegal prosecution or acquittal. West's emergency petition therefore should be denied.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the court deny West's emergency petition to expunge his arrest photo and fingerprints and to seal his court records.

                                        Respectfully submitted,
                                        PATRICK J. FITZGERALD
                                        United States Attorney

                  By:     s/Megan Cunniff Church

                                        Megan Cunniff Church
                                        Assistant United States Attorney
                                        219 South Dearborn Street
                                        Chicago, Illinois 60604
                                        (312) 886-1173

## CERTIFICATE OF SERVICE

I, Megan Cunniff Church, an Assistant United States Attorney, hereby certify that I have caused a copy of the foregoing Government's Response to Defendant's Emergency Petition to Expunge Arrest Photo and Fingerprints and Seal Court Records to be served upon the defendant's counsel at the following address:

> James I. Marcus
> Dziedziak & Marcus, Ltd.
> 100 West Monroe Street, Suite 309
> Chicago, Illinois 60603

by placing said copy in the United States mail in a first-class, postage-paid envelope on March 19, 2008.

s/Megan Cunniff Church

Megan Cunniff Church
Assistant United States Attorney