**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>PHILLIP GERALD WEST, )<br>)<br>Defendant ) | Case #: 73-CR-127<br><br>Judge Blanche M. Manning |

**DEFENDANT WEST'S REPLY TO GOVERNMENT'S RESPONSE TO
EMERGENCY PETITION TO EXPUNGE ARREST PHOTO AND
FINGERPRINTS AND SEAL COURT RECORDS**

**INTRODUCTION**

At the age of twenty years old, Phillip Gerald West (West) was charged in the Western District of Missouri with transporting a stolen motor vehicle in interstate commerce in violation of 18 U S.C. § 2312. Pursuant to Rule 20 of the Federal Rules of Criminal Procedure, the case was transferred to the Northern District of Illinois. West pled guilty on March 28, 1973 to the single count of the indictment. That same day, his sentence was suspended and he was placed on 18 months probation pursuant to the Federal Youth Corrections Act (YCA), 18 U.S.C. § 5010 (a). On July 29, 1974, West's probation was unconditionally terminated prior to expiration. His conviction was ordered set aside pursuant to 18 U.S.C. § 5021(b). A Certificate of Vacation of Conviction was issued by the District Court.

A background investigation by the defendant revealed that his conviction was still reflected in the Clerk of the Court's records and that the conviction had been set aside. (See Affidavit of Phillip Gerald West) These records are accessible by the public. The

public accessibility of his criminal record is a handicap to West in finding a teaching position in his home state of Missouri.  (See Affidavit of Phillip Gerald West)

**ARGUMENT**

This case raises an issue of statutory construction as to whether West is entitled to have his arrest record and conviction expunged from both the Federal Bureau of Investigation files as well as the Clerk of this Court's records.  While the Seventh Circuit has not directly addressed this issue, other circuit courts have considered the question, either directly or indirectly.  Before being repealed in 1984, FYCA § 5021 precipitated some litigation, and courts addressing the issue are divided.  Some suggest that § 5021 should be read liberally as an expungement provision to satisfy the legislative purposes of the statute.  See ex. United States v Fryer, 545 F.2d 11, 13 (6th Cir., 1976); Doe v Webster, 606 F.2d 1226 (D.C. Cir., 1979); United States v Doe, 730 F.2d 1529 (D.C. Cir., 1984); United States v Klusman, 607 F.2d 1331 (10th Cir., 1979) (dictum); Lawary v United States, 599 F.2d 218 (7th Cir., 1979).  Others say § 5021 leaves federal courts powerless to expunge records.  See ex. United States v Doe, 732 F.2d 229 (1st Cir., 1984); United States v McMains, 540 F.2d 387 (8th Cir., 1976).

In Lawary v United States, 599 F.2d 218 (17th Cir 1979) Judge Bauer opined that the purpose of the YCA is to facilitate rehabilitation of youthful offenders citing Dorszynski v United States 418 U.S. 424 (1974).  Judge Bauer went on to say that one of the most significant benefits of the Act is the possibility that a defendant's conviction would be set aside if, as here, the defendant is unconditionally discharged before the expiration of his maximum sentence 18 U.S.C. § 5021.  "This allows the rehabilitated offender to start

2

again with a clean slate." Clearly, West does not have a "clean slate." His record of conviction is readily available upon minimal inquiry for all to see.

In <u>United States v Doe</u>, 980 F.2d 876 (3rd Cir. 1992), the Court provided a detailed and thorough analysis of the YCA. In its opinion the court found the term "set aside" unclear. As a consequence, they turned to the legislative history of the YCA. Their reading of this history is consistent with Judge Bauer's understanding of the Act as set out in <u>Lawary</u>. The drafters of the Act were concerned that "a youth sentenced under FYCA receive a new start and that the criminal record not impede his or her development as a productive member of society." 580 F.2d 881. They went on to hold that the meaning of the term "set aside" provides for an expungment of the youthful offender's criminal record. This reading of the Act was embraced by the D.C. Circuit in <u>Doe v Webster,</u> 606 F.2d 226 (D.C. Cir. 1979) where the Court found that when Congress empowered the district court to "set aside" a youthful offender's conviction, it meant a complete expungement.

  While the government concedes that this Court may have inherent power to expunge criminal records, it argues that West's lack of any subsequent criminal record and exemplary life is neither "an extraordinary circumstance …or enough to grant expungement." <u>Government's Response,</u> p.8. The exercise of the inherent authority would always be dependent upon the Court's examination of the totality of the circumstances. A criminal defendant's age, intelligence, and experience at the time of plea or conviction would seem relevant to the Court's decision to exercise its inherent authority. Although lack of subsequent convictions and/or leading exemplary life may not require that the Court order an expungement, where, as in the instant matter, West, a

3

twenty year-old at the time of his plea, has demonstrated for thirty-five years that the trial court judge who decided West was an appropriate candidate for disposition under the YCA and entitled to vacation and "set aside" of his conviction petitions this Court for expungement, what benefit to society would inure from preserving the taint of his criminal record?  Should this Court decide to deny West's Emergency Petition, and in the future should West be convicted in a criminal case, what benefit would society attain from the Court's knowledge that more than thirty-five years ago he plead guilty to transporting a stolen motor vehicle across state lines? In the meantime, what mischief will this public record of a conviction which all parties to this matter agree was vacated and set aside thirty-eight years ago cause West in his personal and professional life?

In *United States v. Gardner*, 860 F.2d 1391 (7th Cir. 1988), relied upon by the government to distinguish Lawary v. United States, 599 F. 2d 218 (7th Cir. 1979), the facts presented are unclear as to the age of the previous conviction.  Looking at the facts and circumstances in the case at bar, there is no substantial reason in law or common sense to believe that expungement of West's previously vacated and set aside conviction would be beyond the inherent authority of this Court.

WHEREFORE, the defendant prays that this Court grant his Emergency Petition to Expunge his Arrest Photo and Fingerprints and to Seal this Court's Records.

                                            s/ _____ James I. Marcus_____
                                                   James I. Marcus

James I. Marcus
Dziedziak & Marcus, PC.
100 West Monroe Street
Chicago, Illinois 60603
(312)443-5600

# AFFIDAVIT OF PHILLIP GERALD WEST

I, Phillip Gerald West, being duly sworn under oath, states as follows:

1. I have personal knowledge of the facts set forth in this affidavit, and I am in all respects competent to testify to the same.

2. I am the defendant in United States v West, 73-CR-127 (N.D. Ill. 1973)

3. My date of birth is May 4, 1953.

4. I have never been arrested, charged or convicted of any offense other than the above case.

5. I have been certified in the State of Missouri to teach grades 7 – 12 since 1997.

6. All applications for a teaching position in the State of Missouri require a disclosure of the applicant's criminal background.

7. On information and belief, I have been denied teaching positions because of my criminal record.

8. At my request, the Cedar County Sheriff's Department of Cedar County Missouri performed a search of my criminal background. This search disclosed the aforementioned arrest, charge and conviction.

6. Further affiant sayeth not.

_Phillip Gerald West_ 4/7/08
Phillip Gerald West

Subscribed and sworn to before me
This 17+h day of April, 2008.

_signature_
NOTARY

DEBORAH JEAN MURPHY
Notary Public-Notary Seal
State of Missouri, St Clair County
Commission # 07034681
My Commission Expires Apr 15, 2011