## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 73 CR 127 | **DATE** | May 13, 2008 |
| **CASE TITLE** | *West v. United States* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, West's petition for expungement [1-1] is denied and the petition is dismissed.

■[ For further details see text below.]   Docketing to Mail Notices.
00:00

## STATEMENT

Defendant Phillip Gerald West pled guilty on March 9, 1973, to transporting a stolen vehicle in interstate commerce in violation of 18 U.S.C. section 2312. On March 28, 1973, West was sentenced to 18 months probation pursuant to the Federal Youth Corrections Act, 18 U.S.C. § 5010(a) ("YCA") The district court granted early termination of West's probation on July 29, 1974, and set aside his conviction pursuant to 18 U.S.C. § 5021(b), now repealed, which stated that:

> Where a youth offender has been placed on probation by the court, the court may, thereafter, in its discretion, unconditionally discharge such youth offender from probation prior to the expiration of the maximum period of probation theretofore fixed by the court, which discharge shall automatically set aside the conviction, and the court shall issue to the youth offender a certificate to that effect.

18 U.S.C. section 5021(b). According to the government, the district court issued a certificate of vacation of conviction, which indicated that West's conviction had been set aside.

West has now filed an emergency petition for an order directing the FBI to expunge his arrest photo and fingerprints from their files and further direct that the clerk of the court "correct its records to show that the defendant's conviction has been set aside or in the alternative direct that West's court file be sealed." The government opposes West's request, arguing that the YCA does not allow for expungement of the record of conviction. It states, however, that to the extent that West's record does not include the certificate of vacation of conviction, it does not object to the correction of the court file. In his reply, West confirms that his court records reflect that his conviction has been set aside. Thus, the court construes West's petition to be seeking only expungement, and not a correction of the court records.

The YCA "was designed as a sentencing alternative whereby youthful offenders showing promise of becoming useful citizens would be provided with a program of treatment aimed at rehabilitating them and restoring normal behavioral patterns." *United States v. McMains*, 540 F.3d 387, 388 (8th Cir. 1976)(citation omitted). Some courts have concluded that expungement is an option under the statute. *United States v. Doe*, 980 F.2d 876, 883-84 (3d Cir. 1992)(concluding that the language of the YCA should be read "liberally, not parsed literally" and holding that "when Congress empowered the district court to 'set aside' a youthful offender's conviction, it meant a complete expungement. . . ."); *Doe v. Webster*, 606 F.2d 1226 (D.C. Cir. 1979)(in balancing interests of the defendant with those of the government, requiring that when

district court orders a conviction "set aside" pursuant to the YCA, the conviction records must be physically removed from the central file and cannot be opened except for "bona fide criminal investigation" and defendant can answer in the negative when asked about former conviction, but arrest record not subject to expungement under the YCA).

However, others have concluded that expungement of the record is not allowed by the YCA. *United States v. Hovespian*, 307 F.3d 922, 930 (9th Cir. 2002)(finding district court erred in ordering record of conviction to be effectively expunged under the YCA); *United States v. Ashburn*, 20 F.3d 1336, 1343 (5th Cir. 1994)(concluding that earlier conviction for bank robbery under the YCA was not "expunged" for purposes of section 4A1.2(j) of the Sentencing Guidelines and was properly used in calculating the defendant's criminal history category); *United States v. Doe*, 732 F.2d 229, 232 (1st Cir. 1984)(stating that "we read the set-aside provision [of the YCA] as eliminating any legal disabilities that might flow from a conviction, but not as helping a youth offender conceal his past or lie to prospective employers" and concluding that section 5021 does not direct expungement of the conviction); *United States v. Doe*, 556 F.2d 391, 392 (6th Cir. 1977)("[T]here is no provision in the Act which authorizes or requires obliteration of the court record of conviction"); *McMains*, 540 F.2d at 389 ("[W]e hold that the [YCA] does not authorize expunction of the record of a conviction which has been set aside pursuant to section 5021.").

It is true that the Seventh Circuit, in *dicta*, indicated that expungement might be a possibility:

> One of the most significant benefits under the [YCA] is the possibility that the conviction may be set aside if the offender is unconditionally discharged before the expiration of the maximum sentence. 18 U.S.C. s 5021. This allows the rehabilitated offender to start again with a clean slate. If rehabilitation is not a possibility, then such expungement is not appropriate.

*Lawary v. United States*, 599 F.2d 218, 224 (7th Cir. 1979). However, in a more recent decision that more directly addressed whether the YCA allows for expungment of a record, the Seventh Circuit stated that "although YCA allows a judge to set aside a conviction, it does not allow for the expungement of a court *record* of a trial and conviction. . . . [T]he record of a conviction that has been set aside under the YCA can be considered by a trial court in determining an appropriate sentence." *United States v. Gardner*, 860 F.2d 1391, 1399 (7th Cir. 1988)(emphasis in original)(citations omitted). Thus, although again not addressing the issue in-depth, the Seventh Circuit has expressly held that the YCA does not allow for the expungement of a court record of a trial and conviction. This court is bound by *Gardner* and must conclude that expungement of West's record of conviction is not a possibility under the language of the YCA.

The parties also refer to the court's inherent authority to direct expungement of West's record of conviction. To the extent that West asks the court to use this power to seek expungement of records held by the executive branch, this court has no jurisdiction to order such expungement. *United States v. Flowers*, 389 F.3d 737, 738 (7th Cir. 2004)("[W]e have previously made clear that federal courts lack jurisdiction to order expungement of [executive branch] records.")(citing *United States v. Janik*, 10 F.3d 470, 472 (7th Cir. 1993)).

However, a party may seek to expunge records maintained by the judicial branch. *Janik*, 10 F.3d at 472. In addressing the request, a court is to conduct a balancing test to determine "if the dangers of unwarranted adverse consequences to the individual outweigh the public interest in maintenance of the records. . . ." *Id*. If so, "then expunction is appropriate." *Id*. However, "expungement is, in fact, an extraordinary remedy and . . . 'unwarranted adverse consequences' must be uniquely significant in order to outweigh the strong public interest in maintaining accurate and undoctored records." *Flowers*, 389 F.3d at 739. Indeed, "the phrase does not refer to adverse consequences which attend every arrest and conviction." *Id*.

West acknowledges that a lack of subsequent convictions or leading an exemplary life does not require the court to order expungement. Nevertheless, West asks the court to consider the totality of the circumstances, noting the thirty-five years that has elapsed since he pled guilty when he was twenty years old. According to

STATEMENT

West, a balancing of interests weighs in favor of ordering expungement given that the "mischief" that the continued record of conviction will cause in his personal and professional life outweighs any harm to the public in eliminating that record. However, the Seventh Circuit has held exactly the opposite in similar circumstances.

In *Flowers*, the defendant, who had been convicted of interfering with housing rights on account of race, sought expungement of the judicial records of her criminal conviction. In support, she noted her accomplishments since the conviction and pointed to statements from her presentence report that she had accepted responsibility for her crime, had no previous criminal record, had played a minor role in the offense, and finally, that she had been coerced to drive to the scene of the crime. *Id*. at 740. The Seventh Circuit concluded that there was nothing "truly extraordinary" about these factors and noted that the defendant had failed to provide any evidence of any specific adverse consequences, including the loss of employment. *Id*. The *Flowers* court stated that her speculation regarding possible problems with future employment did not outweigh the public interest in maintaining accurate records. *Id*. Accordingly, the Seventh Circuit reversed the district court's grant of expungement and remanded with directions that the defendant's petition be dismissed. *Id*. at 741.

Based on the *Flowers* case, the court finds that, pursuant to the balancing test articulated by the Seventh Circuit, West has failed to demonstrate that the adverse consequences to him outweigh the public interest such that his conviction should be expunged from the judicial records. The request for expungement is denied and the petition is dismissed.

RH/p